FILED

**NOT FOR PUBLICATION**

DEC 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS COLLADO, on behalf of himself and all others similarly situated; RICHARD HOCK, on behalf of himself and all others similarly situated, ENRIQUE CANTU, on behalf of himself and all others similarly situated; PAUL BIGBIE; WILLIAM ASKEW, on behalf of himself and all others similarly situated; JACEK PAWLOWICZ, on behalf of himself and all others similarly situated; JAMES FREEMAN, | No. 11-57013 <br><br> D.C. No. 2:10-CV-03113-R-RC <br><br> MEMORANDUM* |
| Plaintiffs, | |
| BILL URBAN, on behalf of himself and all others similarly situated, | |
| Plaintiff - Appellant, | |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | |
| Defendant - Appellee. | |

| | |
|---|---|
| CARLOS COLLADO, on behalf of himself and all others similarly situated, | No. 11-57023 |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|  |  |
|---|---|
| Plaintiff, | D.C. No. 2:10-CV-03113-R-RC |
| And | |
| GIRARD GIBBS LLP; WASSERMAN COMDEN CASSELMAN AND ESENSTEN LLP; ARIAS OZELLO & GIGNAC; COHEN MILSTEIN SELLERS & TOLL PLLC, | |
| Appellants, | |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | |
| Defendant - Appellee. | |
| ELLIOT FIXLER, | No. 11-57030 |
| Plaintiff - Appellant, | D.C. No. 2:10-CV-03124-R-SS |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Appellants Girard Gibbs, Cohen Milstein Sellers & Toll PLLC, Braun Law Group P.C. (collectively "appellant law firms"), and Bill Urban appeal the district court's order awarding $766,000 in attorney's fees, allocating 65% of those fees to Girard Gibbs, and granting Girard Gibbs discretion to allocate the remaining fees among the other law firms acting as plaintiffs' counsel.[1]

The district court abused its discretion by computing fees using a percentage of recovery method rather than a lodestar method. Here, because the court exercised diversity jurisdiction over this matter, state law governs both the right to recover attorney's fees and the computation of their amount. *Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In particular, California Code of Civil Procedure § 1021.5 applies to the request for attorney's fees. *Abogados v. AT&T*, 223 F.3d 932, 934 (9th Cir. 2000); *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 560–561 (2004) (awarding fees in

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because Bill Urban has standing to appeal and raises substantially the same grounds for reversal as the appellant law firms, we need not address whether appellant law firms have standing to appeal.

national class action settlement under § 1021.5); *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 551 (2009) (same). Fee awards granted pursuant to § 1021.5 must be calculated using a lodestar analysis. *Press v. Lucky Stores, Inc.*, 34 Cal. 3d 311, 321–22 (1983); *see also Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629, 640 (1998).

Additionally, the district court abused its discretion by allocating 65% of the fee award to Girard Gibbs and granting Girard Gibbs discretion to allocate the remaining fees. Under California Civil Procedure Code § 1021.5, "[u]pon motion, a *court* may award attorney's fees" (emphasis added). Furthermore, California law requires fee allocation decisions to be "tied to counsel's actual efforts to benefit the class." *Rebney v. Wells Fargo Bank*, 220 Cal. App. 3d 1117, 1142 (1990). Absent special circumstances, the district court's allocation of fees should correspond to the portion of the lodestar attributable to each firms' efforts. *In re Vitamin Cases*, 110 Cal. App. 4th 1041, 1055–56 (2003).[2]

---

[2] Because the only error below was the application of an incorrect legal standard, there are no "unusual circumstances" warranting reassignment to a different district court judge in this case. 28 U.S.C. § 2106; *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001).

Accordingly, we hereby REVERSE the district court's decision regarding the amount of attorney's fees to be awarded and REMAND for further proceedings consistent with this order.[3]

Costs are awarded to the appellants.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED**.

---

[3] The district court did not abuse its discretion in deciding to award the fees or awarding the incentive fees to the named class representatives, and neither party appeals those decisions.